FILED

JUN 1 3 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 16-127-BLG-SPW |
| | CV 18-008-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER RECHARACTERIZING |
| | AND DENYING § 2255 MOTION |
| JOHN EDWARD TERRY, | AND DENYING CERTIFICATE OF |
| | APPEALABILITY |
| Defendant/Petitioner. | |

This case comes before the Court on Defendant/Petitioner Terry's petition

for writ of error *coram nobis* (Doc. 49). Terry is a federal prisoner proceeding pro

se.

On March 26, 2018, Terry was advised the Court intended to recharacterize

his petition as a motion under 28 U.S.C. § 2255. He was given an opportunity to

add any claims he intended to bring under § 2255 or to withdraw the petition. *See*

Order (Doc. 42); *see also Castro v. United States*, 540 U.S. 375, 377 (2003). On

April 18, 2018, he was also asked to clarify some of his allegations. *See* Order

(Doc. 45). He responded to that order and submitted some additional claims as

well.

Terry states he cannot review his presentence report. The report and the

Court's judgment and statement of reasons can be reviewed with staff at the prison,

1

such as a unit manager. As explained below, the Court will also require the United States to provide transcripts of the change of plea and sentencing hearings.

## I. Recharacterization

Terry asserts that he is entitled to proceed with his petition instead of a § 2255 motion. *See, e.g.*, Resp. to Order (Doc. 43) at 1-2. He is mistaken. A *coram nobis* petition may be available when a petitioner is no longer in custody, but it is not available when a petitioner is in custody, as Terry is, and has a remedy under § 2255. *See Matus-Leva v. United States*, 287 F.3d 758, 760-61 (9th Cir. 2002).

The Court has jurisdiction to hear Terry's claims under 28 U.S.C. § 2255. As he has been advised of impending recharacterization and had an opportunity to respond and add claims, *see Castro v. United States*, 540 U.S. 375, 377 (2003), his petition is recharacterized as a motion under 28 U.S.C. § 2255.

## II. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring)

2

(referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

### III. Background

On December 22, 2016, Terry was indicted on one count of being a felon in possession of six firearms, a violation of 18 U.S.C. § 922(g)(1). He pled guilty, without a plea agreement, on February 28, 2017.

A presentence report was prepared. The base offense level was 20.[1] Terry received a four-level enhancement because he possessed nine firearms and a three-level reduction for acceptance of responsibility. With a total adjusted offense level of 21 and a criminal history category of I, the advisory guideline range was 37 to 46 months. Terry was sentenced to serve 30 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 36) at 2-3; Minutes (Doc. 35).

---

[1] The presentence report applied a base offense level of 20 because Terry had previously been convicted of a drug trafficking crime. The conviction was too old to be scored in criminal history, so it could not support an increased base offense level. *See* U.S.S.G. § 2K2.1 cmt. n.10 (Nov. 1, 2016). But Terry possessed three silencers, which are firearms, *see* 28 U.S.C. § 5845(a)(7); 18 U.S.C. § 921(a)(3)(C), Presentence Report ¶¶ 21, 23, and Terry was "a prohibited person." Under U.S.S.G. § 2K2.1(a)(4)(B)(i)(II) and (ii)(I), therefore, a base offense level of 20 was correct.

Terry did not appeal. His conviction became final on July 25, 2017. *See*

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed on January 16,

2018. *See* 28 U.S.C. § 2255(f)(1).

## IV. Claims and Analysis

Terry asserts the United States failed to prove it had standing to pursue

criminal charges against him and failed to demonstrate a case or controversy. *See*

Resp. to First Order (Doc. 43) at 1. He moves to dismiss on the same grounds.

*See* Mot. to Dismiss (Doc. 44). In the original petition, now recharacterized as a §

2255 motion, Terry claims that Congress never validly enacted Title 18 of the

United States Code, *see* Pet. (Doc. 49) at 2, and contends that his arrest and pretrial

detention were improper and that he was prosecuted and continues to be persecuted

because he is Muslim, *see* Letter (Doc. 49-1) at 1-3. He also claims his lawyer

failed to defend him vigorously. *See* Resp. to Second Order (Doc. 46) at 1-2.

At least some of Terry's claims are likely barred on procedural grounds, but

all will be addressed on the merits.

An "injury to [the] sovereignty" of the United States "aris[es] from violation

of its laws" and "suffices to support a criminal lawsuit by the Government."

*Vermont Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771

(2000).

A case or controversy existed because, in order to vindicate its sovereign

interest in the enforcement of its laws, the United States had to prove, beyond

reasonable doubt, that Terry committed each element of the offense of being a

felon in possession of a firearm. *See, e.g.*, Minutes (Doc. 10) (noting entry of plea

of not guilty); Offer of Proof (Doc. 19) at 2, 3-4; 18 U.S.C. § 922(g)(1).

The argument that Title 18 was not validly enacted has been called

"unbelievably frivolous." *United States v. Collins*, 510 F.3d 697, 698 (7th Cir.

2007). Title 18 was "enacted into positive law." *See, e.g., Flores v. Attorney*

*General*, 856 F.3d 280, 289 n.38 (3d Cir. 2017) (citing cases). Sections 546 and

547 of former Title 18 were enacted as 18 U.S.C. § 3231 and continued without

interruption the district courts' original jurisdiction of federal offenses.

Terry claims the 1947 House Report endorsing enactment of Title 18, *see*

Act of June 25, 1948, ch. 645, § 1, 62 Stat. 683, did not properly record the vote of

each member of the House. But the Constitution does not require that the "yeas

and Nays" of each Member of Congress be recorded in order to create *any* law,

only to create a law by overriding a presidential veto. *See* U.S. Const. art. I, § 7,

cl. 2. A bill signed by the presiding member of each house and by the president is

a law. "Where such an attested enrolled bill exists, *Marshall Field* requires 'the

judicial department to act upon that assurance, and to accept the bill as having

passed Congress.'" *Public Citizen v. U.S. Dist. Court*, 486 F.3d 1342, 3150 (D.C.

Cir. 2007) (internal brackets omitted) (quoting *Marshall Field & Co. v. Clark*, 143

5

U.S. 649, 672 (1892)). Further, assuming Terry is correct that Congress adjourned

on June 19, 1948, enrolled bills signed by the president within ten days after

Congress adjourns are validly enacted laws. *See* U.S. Const. art. I, § 7, cl. 2;

*Edwards v. United States*, 286 U.S. 482, 494 (1932).

Terry avers that he was prosecuted because he is a Muslim and that "[t]he

closing arguments at my sentencing was ALL ABOUT ISLAM." Resp. to Order

(Doc. 46) at 2. The Court has seen many prosecutions of felons who were in

possession of firearms and has not noticed that a significant number of Muslims

are prosecuted. The reasons for Terry's conviction are set forth in the transcript of

the change of plea hearing. The reasons for his sentence are set forth in the

Statement of Reasons (Doc. 37) and the sentencing transcript. The transcripts will

be ordered for the record, so that Terry may see them. The Court varied downward

from the advisory guideline range in part because Terry "has endeavored to be a

contributing member of his community and he does not have a violent history."

*See* Statement of Reasons (Doc. 37) at 4 ¶ VIII. There is no reason to infer that

Terry was prosecuted because of his religion, and his sentence was not affected by

his religion.

Terry's complaints about his lawyer's performance, *see* Resp. to Second

Order (Doc. 46) at 1-2, do not support further inquiry. He does not identify any

potential basis for a suppression motion or a realistic defense to the charge.

Having reviewed all of Terry's allegations, the Court can only conclude that he does not state a claim on which relief might be granted. All claims are denied for lack of merit.

A certificate of appealability is denied because Terry has not alleged any fact supporting an inference that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

To the extent it might be helpful to Terry, *see* Supp. (Doc. 47) at 1-2, the Court will recommend that he be placed in a residential reentry center for as long a time before release as possible. But the Court can only make a non-binding recommendation.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that transcripts of the change of plea hearing, held February 28, 2017, and the sentencing hearing, held July 11, 2017, are required to decide the issues presented by Terry.

2. The United States shall immediately order the transcripts of those two hearings for the Court's file and shall order and deliver copies to John Edward Terry, BOP # 16563-046, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Ave., Littleton, CO 80123.

3. Terry's petition for writ of error *coram nobis* is RECHARACTERIZED as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

4. So recharacterized, the motion and all supporting documents (Docs. 41, 43, 44, 46, 47) are DENIED.

5. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Terry files a Notice of Appeal.

6. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-08-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Terry.

7. The Court RECOMMENDS that Terry be placed in a Residential Reentry Center for the maximum available term.

DATED this 13th day of June, 2018.

Susan P. Watters
United States District Court